UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-20214-CR-BLOOM/OTAZO-REYES

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

MARTIRES ANTONIO MERCEDES RODRIGUEZ,

     Defendant.

_____/

## DEFENDANT'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT ("PSI") AND/OR REQUEST FOR DOWNWARD VARIANCE

Martires Antonio Mercedes Rodriguez, by and through undersigned counsel, respectfully files this Objection to the Presentence Investigation Report ("PSI") at DE 34 and motion for downward variance. Probation will calculate the advisory sentencing guideline range is 108-135 months' imprisonment. PSI ¶ 29.[1] Mr. Mercedes herein requests that the Court adjust his guidelines 2 points downward to account for his minor role in the offense.  In that case, the correct advisory guideline range, after application of safety-valve, minor role reductions and the reduction pursuant to §2D1.1(a)(5) should be 63-78 months' imprisonment.  In the event the Court exercises its discretion an denies the minor role reduction, the defense submits that variance to a sentence in that guideline range is the appropriate sentence in light of the requirements under Section 3553(a) that the sentence be sufficient, but not greater than necessary and to avoid unwarranted sentencing disparity between similarly situated defendants. In support thereof, he states the following:

---

[1] The draft PSI did not include a 2-point reduction for safety valve, Probation has confirmed that the final PSI will include that reduction.

1

## I. Mr. Mercedes should receive an adjustment for his minor role

Mr. Mercedes should receive a two-level reduction for being a minor participant in this scheme. His role is akin to that of a courier, and he had no ownership interest in the narcotics and played no part in the planning of the offense. He was given very limited information regarding the overall scheme of the operation. Mr. Mercedes and his co-defendant performed a very discrete task, transporting the drugs from point A to point B, within the broader context of the scheme. He knew only that boat they were on was supposed to travel to an area near Colombia and that when they were near the area, they were instructed to call a certain number given to them by the people who recruited them for more specific instructions as to their final destination.

Mr. Mercedes is 23 years old and trying to care for his disabled father and his infant daughter. He grew up very poor, one of seven siblings, to a father who worked in environmental protection and a mother who was a seamstress. The family lived in a small home without electricity and sometimes lacked food. Since he finished high school, he worked on tour boats as an assistant. In 2019, his father got in a serious car accident that left him disabled. Martires and a brother took out a loan to help pay their father's medical bills. He was able to make his loan payments until the pandemic hit and his job in the tourism industry disappeared. He was struggling.

In 2021, the tourism industry slowly started picking back up and his daughter was born in June 2021. She was born premature and spent time in the Neonatal ICU before she could go home. When she was allowed to go home, she had to return to the hospital a few weeks later because she

would cry at every touch. She was hospitalized for another two weeks and Martires took out another loan to pay for his daughter's hospitalization.  In mid-2021, feeling financially desperate and having difficulty finding work, he was recruited to be a part of this trip by an acquaintance who offered him a sum of money that would help feed and house his family for years. He made a huge mistake in accepting the offer.  He agreed to assist in the transportation of drugs out of economic desperation, to his everlasting regret and shame.  He was offered about $30,000 USD for the trip, which was a chance for him to have financial security for the first time in his entire life.  He was paid about $1,000 in advance.  He never received any other payment.

Mr. Mercedes initially wasn't given much details by the recruiter, just told that someone would come pick him up when they were read.  A few days later, the organizers of the trip took him to the launching point, where he first met his co-defendant and observed the boat being loaded for their trip. Once the boat was loaded with fuel and food, he and his co-defendant got on the boat, followed the instructions given to them by the drug traffickers and inputted for them in to the GPS. The two men took turns driving and following the lines laid out on the GPS device given to them. Mr. Mercedes exercised no decision-making in any part of the planning or organizing of the trip or in where to go.

When evaluating whether a minor role is appropriate, the Court can look at others involved in this scheme, including: (1) the recruiters; (2) those persons with a financial stake in the narcotics (3) the owners of the vessel(s); (4) the organizers of the multiple transportations that make it possible for the cocaine to reach the port and be loaded onto a vessel; (6) those on land directing the eventual receipt; and (7) those responsible for the ultimate distribution of the drugs. Operations such as this require many moving parts. Mr. Mercedes's role as a crewmember of a boat may have

3

been an essential part of the scheme, but the Sentencing Commission reminds courts that *essential* does not equal *undeserving* of a minor role adjustment.

USSG §3B1.2 governs the application of role adjustments. As the Court is aware, the Sentencing Commission substantially amended the mitigating role section of the sentencing guidelines in 2015.  In adopting the changes, the Commission stated that it had "conducted a review of cases involving low-level offenders, analyzed case law, and considered public comment and testimony."[2]   The Commission's "study found that mitigating role [was being] applied inconsistently and more *sparingly* than the Commission intended."[3]  A number of the Commission's amendments to the guideline appear to have been specifically targeted to benefit simple drug couriers and transporters. Prior to the 2015 amendment, the sentencing guidelines stated that

> a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting … drugs and who is accountable … only for the quantity of drugs the defendant personally transported … *is not precluded* from consideration for an adjustment under this guideline.

USSG §3B1.2 Application note 3(A). When it amended the sentencing guidelines, the Commission noted that the double-negative tone ("not precluded") "may have had the unintended effect of discouraging courts from applying the mitigating role adjustment in otherwise appropriate circumstances." *Id.* In an effort to correct this unintended effect, the Commission amended the application note to state that

> a defendant who is convicted of a drug trafficking offense, whose participation in that offense **was limited to transporting** or storing drugs and **who is accountable under §1B1.3 only for the quantity of drugs the defendant personally**

---

[2] *Amendments to the Sentencing Guidelines* (April 30, 2015), *available at* http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20150430_RF_Amendments.pdf.

[3] *Id.* (emphasis added).

**transported** or stored **may receive** an adjustment under this guideline. (emphasis added)

The intent of the Commission in making this change was to prevent courts from being "discouraged" from applying a role reduction for transporters such as Mr. Mercedes whose role was "limited to transporting … drugs" and who are held accountable only for the quantity of drugs they transport.

In determining whether to apply a mitigating role adjustment, the Guidelines direct the District Court to consider a list of non-exhaustive factors:

(i)     the degree to which the defendant understood the scope and structure of the criminal activity;

(ii)     the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)     the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)     the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v)     the degree to which the defendant stood to benefit from the criminal activity.

The guidelines go on to state that a "*defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks **should** be considered for an adjustment under this guideline.*" Id. (emphasis added).

Mr. Mercedes is a courier whose conduct and characteristics fit squarely within the guidelines admonition, in comparison to both indicted and unindicted co-conspirators. *See United States v. Rodriguez De Varon,* 175 F.3d 930 (11th Cir. 1999) (en banc) (holding the court must

measure the defendant's role against the relevant conduct he is held accountable for, as well as other discernable participants in the relevant conduct). Mr. Mercedes had no decision-making power in this venture, as his job was simply to take the narcotics from point A to point B. He did not have any communication with other co-conspirators on shore.  He had no ownership interest in the drugs. He was going to be paid a very modest amount in comparison with the actual street value of the drugs.  Based on his strictly circumscribed role in this offense, Mr. Mercedes respectfully requests this Court grant him a two-level downward adjustment pursuant to USSG § 3B1.2(b) due to his minor role.

If the Court grants his objection, the guideline calculation would be as follows:

Base offense level 36
- 3 pursuant to USSG §2D1.1(a)(5) (which provides for a decrease by 3 levels for anyone who receives a mitigating role adjustment and where the starting offense is 36)
- 3 for acceptance of responsibility
- 2 for safety valve
- 2 for minor role

Adjusted offense level 26

With an adjusted offense level of 26 and no criminal history, Mr. Mercedes is facing a sentencing guideline of 63-78 months.

## II.      Avoiding unwarranted sentencing disparity

A sentence within the 63-78 months range would avoid unwarranted sentence disparity, as required by Section 3553(a).  Similarly situated defendants in this district have received sentences within that guideline range. Those defendants shared many characteristics with Mr. Mercedes, including a lack of criminal history and similar socioeconomic situation. Undersigned counsel reviewed similar cases in this district from the last year and a half, specifically reviewing the

defendants represented by the Federal Public Defender's Office, which revealed that numerous courts in this district have sentenced similar defendants accused of similar conduct and where the drug weight was between 150 – 450 kilograms to sentences around the 70 month range, with some receiving less and some receiving more.

Wherefore, Mr. Mercedes asks this Court to grant the above-noted objection or grant the downward variance request and sentence him to a sentence in the rage of 63-78 months.  A sentence within that range would comport with the mandates of 18 U.S.C. §3553(a) and the requirement that a sentence imposed avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

Respectfully Submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By:   _/s/ Aimee Ferrer_
Aimee Ferrer
Assistant Federal Public Defender
Florida Bar No.  17827
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 530-7000
Email: aimee_ferrer @fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **October 20, 2022,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  *s/ Aimee Ferrer*